ORIGINAL

Approved: _____
KEDAR S. BHATIA
Assistant United States Attorney

Before:   THE HONORABLE JAMES L. COTT
          United States Magistrate Judge
          Southern District of New York

19MAG5108

------------------------------------ X
                                     :
UNITED STATES OF AMERICA             :   SEALED COMPLAINT
                                     :
                                     :   Violations of 18 U.S.C.
            -v.-                     :   §§ 922(g)(1) and 2
                                     :
KEENAN CARROLL,                      :   COUNTY OF OFFENSE:
                                     :   BRONX
            Defendant.               :
                                     :
------------------------------------ X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        JASON LANDUSKY, being duly sworn, deposes and says
that he is a Detective with the New York Police Department
("NYPD"), and charges as follows:

                        COUNT ONE

        1.   On or about January 23, 2019, in the Southern
District of New York, KEENAN CARROLL, the defendant, after
having been convicted in a court of a crime punishable by
imprisonment for a term exceeding one year, did possess in and
affecting commerce, a firearm, to wit, a Glock, model 22 Gen 4,
.40 S&W caliber semi-automatic pistol, which previously had been
shipped and transported in interstate and foreign commerce, and
did so knowingly.

        (Title 18, United States Code, Sections 922(g)(1) and 2.)

        The bases for my knowledge and the foregoing charges
are, in part, as follows:

        2.   I have been involved in the investigation of this
matter, and I base this affidavit on that experience, as well as
on my conversations with other law enforcement agents, and my
examination of various reports and records.  Because this

affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

       3.    In the course of this investigation, I have spoken with the NYPD officer who arrested KEENAN CARROLL, the defendant, on January 23, 2019 ("Officer-1") and another officer who was present at the scene of the arrest ("Officer-2") (together, the "NYPD Officers"). Based on my conversations with the NYPD Officers, I have learned, in sum and substance, and among other things, the following:

       a.    At approximately 1:00 a.m. on or about January 23, 2019, the NYPD Officers heard a radio call on their NYPD radio that said there was an incident involving individuals fighting and breaking windows at or near 3553 Carlisle Place in the Bronx, New York.

       b.    The NYPD Officers drove to the vicinity of 3553 Carlisle Place to investigate the incident.

       c.    When the NYPD Officers arrived at the scene, they did not see any individuals fighting or breaking windows. The NYPD Officers decided to investigate the scene near 3553 Carlisle Place to see if they could find any information about the incident that had been described on the radio call.

       d.    Officer-1 observed two individuals in a parked blue car (the "Vehicle") in the vicinity of 3553 Carlisle Place. One individual, later identified to be CARROLL, was seated in the driver's seat and another individual was seated in the front passenger's seat. When Officer-1 approached the vehicle, he held up a flashlight and pointed it in the car.

       e.    Officer-1 observed the handle of a black firearm in CARROLL's lap. The firearm was partially hidden under the individual's clothing but a portion of the firearem was visible to Officer-1.

       4.    Based on my conversations with the NYPD Officers and my review of video footage collected from body cameras on Officer-1 and Officer-2, I have learned, in sum and substance, and among other things, the following:

2

    a. After seeing the firearm, Officer-1 called for Officer-2 to come over to the Vehicle. When he arrived, Officer-2 observed the firearm in the lap of KEENAN CARROLL, the defendant, and collected the weapon from his lap.

    b. After being arrested, CARROLL admitted to officers that he had the firearm in his possession.

    c. Referencing the firearm, CARROLL said "that's me" and told officers that the firearm did not belong to the other individual in the vehicle.

   5. In the course of this investigation, I have watched a video recording of a custodial interview of KEENAN CARROLL, the defendant, on January 23, 2019, by a detective of the NYPD (the "Detective"). Based on my review of the video, I have learned, in sum and substance, and among other things, the following:

    a. CARROLL was advised of his <u>Miranda</u> rights orally, orally waived those rights, and agreed to speak with the Detective.

    b. CARROLL admitted to possessing the firearm that Officer-1 observed and Officer-2 recovered from CARROLL.

   6. In the course of this investigation, I have watched a video recording of a custodial interview of KEENAN CARROLL, the defendant, on January 23, 2019, by an Assistant District Attorney in the Bronx County District Attorney's Office (the "ADA"). Based on my review of the video, I have learned, in sum and substance, and among other things, the following:

    a. CARROLL was advised of his <u>Miranda</u> rights orally, orally waived those rights, and agreed to speak with the ADA.

    b. CARROLL admitted to possessing the firearm that Officer-1 observed and Officer-2 recovered from CARROLL.

   7. I have reviewed an NYPD Firearm Examination, which identifies the firearm that was recovered from KEENAN CARROLL, the defendant, as an operable Glock, model 22 Gen 4, .40 S&W caliber semi-automatic pistol.

   8. I have reviewed a NEXUS Firearms Report prepared by the United States Department of Justice Bureau of Alcohol, Tobacco, Firearms and Explosives, which confirmed that the

3

recovered firearm was manufactured outside of the State of New York.

        9. I have reviewed criminal history records pertaining to KENNAN CARROLL, the defendant, which show that CARROLL was convicted on or about June 12, 2012, in the Supreme Court of New York, Bronx County, of attempted robbery in the second degree, in violation of New York Penal Law § 160.10, a felony, which is punishable by imprisonment for a term exceeding one year.

        WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of KEENAN CARROLL, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

JASON LANDUSKY
Detective
New York Police Department

Sworn to before me this
28th day of May, 2019

THE HONORABLE JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4